# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICE JAJUA<br>48 Neptune Lane<br>Levittown, PA 19054 | : |
| | : |
| | :    CIVIL ACTION |
| | : |
| Plaintiff, | :    No. _____ |
| | : |
| v. | : |
| | :    **JURY TRIAL DEMANDED** |
| DIAKON LUTHERAN SOCIAL<br>MINISTRIES d/b/a TWINING VILLAGE<br>280 Middle Holland Road<br>Holland, PA 18966 | : |
| | : |
| | : |
| | : |
| Defendant. | : |
| | : |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.  This action has been initiated by Alice Jajua (*hereinafter* referred to as "Plaintiff,"

unless indicated otherwise) against Diakon Lutheran Social Ministries (*hereinafter* referred to as

"Defendant" unless indicated otherwise) for violations of 42 U.S.C. § 1981, Title VII of the Civil

Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*) and the Pennsylvania Human

Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff

seeks damages as set forth herein.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the Pennsylvania Human Relations Act once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant Title VII claims identically.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendantis deemed to reside where they are subjected to personal jurisdiction, rendering Defendanta resident of the EasternDistrict of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is a black, African female, who was born in Sierra Leone, Africa.

7. Defendant Diakon Lutheran Social Ministries is non-profit organization that manages various facilities that provide health care and rehabilitation services to the elderly throughout Pennsylvania, Delaware and Maryland, including their Holland, PA location where Plaintiff was employed.

8. At Defendant's Holland, PA location (the above captioned address for Defendant), Defendant operates, manages and maintains a not-for-profit senior living community

calledTwining Village,which provides health care, assisted living and rehabilitation services to the elderly.

9. In addition, the Secretary of State indicates that Twining Village is a fictitious name of Defendant Diakon Lutheran Ministries.

10. Further, Plaintiff's paystubs indicate that Defendant Diakon Lutheran Social Ministries was her employer.

11. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth infull.

13. In or about November of 2009, Plaintiff was hired as a Licensed Practical Nurse (commonly referred to as a "LPN") at Defendant's Rehabilitation and Nursing Center in Holland, PA, commonly referred to as Twining Village.

14. Plaintiff was employed at Defendant's Holland, PA location until she was terminated on or about September 4, 2015 (after approximately six (6) years of employment).

15. During Plaintiff's employment with Defendant, Plaintiff was a dedicated and hardworking employee.

16. While employed with Defendant, Plaintiff was subjected to discriminatory and disparate treatment based on her national origin and/or race on a consistent basis. Such treatment was unwelcomed and made Plaintiff very uncomfortable.

3

17. For example, while employed with Defendant, Defendant's management, including but not limited to Defendant's Unit Manager, Amanda (last name unknown), as well as Plaintiff's co-workers (1) subjected Plaintiff to derogatory comments regarding her national origin and accent; (2) treated Plaintiff in a rude and condescending manner; and (3) treated her in a disparate manner (as compared to her non-black and/or non-African co-workers) when requesting shift changes and/or transfers to different areas.

18. Derogatory and discriminatory comments that Plaintiff was subjected to included but were not limited to, telling Plaintiff that she eats food that smells like shit and questioning whether she ate such food back in Africa, telling Plaintiff that she needs to go back to her country, telling Plaintiff "you Africans come over here and take our hours" (as it pertains to Plaintiff opting to working overtime hours), as well as other derogatory comments about her race, national origin, and/or ethnic characteristics.

19. Particularly, on one occasion, Plaintiff was subjected to discriminatory and disparate treatment by Defendant's management, including but not limited to Sharesa (last name unknown and spelled phonetically) - then Director of Nursing, when she applied to be transferred to day shift. Defendant's management delayed her transfer for approximately three (3) months whereas her non-black and non-African co-workers' requests were granted and they were transferred within a few days of their request.

20. When Plaintiff inquired about why she was subjected to the aforementioned three (3) month delay in her transfer to day shift, Defendant's management, including but not limited to Sharesa, stated that she may not be understood by the doctors due to her African accent (which is ridiculous because while Plaintiff has a discernable accent, she had worked with Defendant for six years without any issue pertaining to her accent).

21. Plaintiff complained on multiple occasions to Defendant's management, including but limited to Amanda, about the discriminatory and disparate treatment (as discussed *supra*) that she was subjected to based on her race and national origin; however, Defendant's management never properly addressed or investigated Plaintiff's concerns of discrimination.

22. On or about September 1, 2015, Plaintiff again made a complaint to Defendant's management regarding the discriminatory and disparate treatment she was being subjected to based on her national origin and race (as discussed *supra*).

23. Just a few days after Plaintiff's last complaint of discrimination (made on or about September 1, 2015), Defendant's management, including but not limited to Amanda, informed Plaintiff she was being terminated.

24. When Plaintiff inquired to why she was being terminated after approximately six (6) years of dedicated employment, Defendant offered only a pretextual reason: that a patient allegedly made a complaint about her.

25. Despite the fact that it is Defendant's common practice to transfer an employee to another area when a patient makes a complaint about an employee, Defendant refused to transfer Plaintiff and instead abruptly terminated her.

26. Therefore, Plaintiff beliefs and avers that she was (1) subjected to a hostile work environment because of her race/national origin and/or complaints of discrimination; and (2) terminated because of her race/national origin and/or in retaliation for making multiple complaints of race/national origin discrimination (the last of which was made within days of Plaintiff's termination ).

**Count I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race/National Origin Discrimination;[2] Retaliation; & [3] Hostile Work Environment)**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff properly exhausted her administrative remedies before proceeding in this Court for violations of Title VII by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

29. During her employment with Defendant, Plaintiff was treated in a disparate and discriminatory manner as compared to her non-black and/or non-African co-workers.

30. Plaintiff was subjected to disparate and discriminatory treatment when Defendant's management and employees made frequent comments regarding her race/national origin, delayed her transfer to a new shift for approximately three (3) months longer than her non-African and non-black co-workers were made to wait for their transfers, and later when she was terminated for a completely pretextual reason (as discussed *supra*).

31. Defendant's harassment and disparate treatment of Plaintiff was severe and pervasive and interfered with Plaintiff's work to the extent that Plaintiff had to complain to higher level managers on several occasions in advance of her termination.

32. Plaintiff was terminated approximately two (2) days after making her last complaint of race/national origin discrimination to Defendant's management.

33. Plaintiff believes that she was subjected to a hostile work environment and ultimately terminated because of her race/national originand/or because of her complaints of race/national origin discrimination.

34. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

**Count II**
**Violation of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; [3]Hostile Work Environment)**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Upon information and belief, Plaintiff was terminated from Defendant because of herrace, ancestry, ethnic characteristics, linguistic characteristics, and/or her complaints of race discrimination.

37. Plaintiff was also subjected to a hostile work environment during her period of employment due to her race, ancestry, ethnic characteristics, linguistic characteristics, and/or her complaints of race discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

38. Defendant's management's harassment and treatment of Plaintiff was severe and pervasive and interfered with Plaintiff's work to the extent that Plaintiff had to complain to higher level managers on several occasions in advance of her termination from Defendant's facility.

39. These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of retaliating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 30, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Alice Jajua

v.

Diakon Lutheran Social·Ministries d/b/a
Twining Village

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X )

| Date | Attorney-at-law | Plaintiff |
| --- | --- | --- |
| | | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Clv. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  48 Neptune Lane, Levittown, PA 19054

Address of Defendant:  280 Middle Holland Road, Holland, PA 18966

Place of Accident, Incident or Transaction:  Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     _____     ARK2484
                        Attorney-at-Law     Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     ARK2484
                        Attorney-at-Law     Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JAJUA, ALICE

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

DIAKON LUTHERAN SOCIAL MINISTRIES d/b/a TWINING VILLAGE

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1981, Title VII of the Civil Rights Act of 1964 "Title VII" (42USC2000)

Brief description of cause:
Violations of 42USC1981, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Print   Save As...   Reset